UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

Myreon Scott,

      Plaintiff,                                          C.A. No.:

-against-                                       **DEMAND FOR JURY TRIAL**

Equifax Information Services, LLC,
Jefferson Capital Systems, LLC,

      Defendant(s).

-------------------------------------------------------------------------x

**COMPLAINT**

Plaintiff Myreon Scott ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Equifax Information Services, LLC ("Equifax"), and Defendant Jefferson Capital Systems, LLC ("Jefferson"); respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p *et seq*, as well as 15 U.S.C. 1692k.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff also brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

1

## PARTIES

5. Plaintiff is a resident of the State of Georgia in the County of Chattahoochee.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c) and 15 U.S.C.§ 1692a(3).

7. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Georgia and may be served with process upon the Corporation Service Company, its registered agent for service of process at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

8. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(f) to third parties.

9. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Jefferson is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service of process, care of Corporation Service Company, located at 2 Sun Ct, Suite 400, Peachtree Corners, Georgia 30092.

11. Jefferson is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

12. Jefferson regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. The subject obligations are consumer-related, and therefore each considered a "debt" as defined by 15 U.S.C.§ 1692a (5).

14. Jefferson uses the instrumentalities of interstate commerce or the mails in their respective businesses, the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

<u>Equifax's Failure to Provide Notice to Consumer of Reinsertion</u>

16. Upon information and belief, on a date better known to "Equifax or Bureau", Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information.

17. This Complaint pertains to a consumer debt, originally incurred by Plaintiff, to non-party original creditor, Verizon.

18. The subject debt is associated with an account number of 9250956*******001 (hereinafter referred to as "Verizon Account").

19. On Plaintiff's Equifax Credit Reports dated June 26, 2023 and July 29, 2023, it was reported that Plaintiff owed an outstanding $782.00 to Verizon.

20. On Plaintiff's Equifax Credit Report dated September 6, 2023, for a reason better known to Equifax, Equifax deleted the Verizon account from the report.

21. On October 15, 2023, without providing any notice to Plaintiff, Equifax reinserted the same Verizon account into Plaintiff's Equifax Credit Report.

22. Pursuant to § 1681i(a)(5)(B)(ii):

> If any information that has been deleted from a consumer's file . . . is reinserted in the file, the consumer reporting agency shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion, or, if authorized by the consumer for that purpose, by any other means available to the agency.

*See* 15 U.S.C. § 1681i(a)(5)(B)(ii)

23. Equifax failed to provide notice to Plaintiff when reinserting the Verizon Account on to the October 15, 2023 Equifax Credit Report of the Plaintiff pursuant to § 1681i(a)(5)(B).

24. Thus, Equifax is in express violation of § 1681i(a)(5)(B)(ii).

<u>Equifax and Jefferson Double Reporting</u>

25. Upon information and belief, Verizon contracted with Jefferson Capital Systems, LLC for the purpose of debt collection.

26. On November 23, 2023, on Plaintiff's Equifax Credit Report, it was reported that Plaintiff owed a balance of $782.00 to Jefferson Capital (Account number ******7687, hereinafter referred to as "Jefferson Account"), with the status of the debt reported as "charge-off."

27. In the very same credit report, Equifax reported the aforementioned Verizon Account with the identical balance of $782.00 with the status of the account listed as "Collection/Charge-off."

28. Plaintiff's Equifax credit report - as recently from January 8, 2024 - listed the Verizon Account with the reported balance as $782.00 with its account status listed as "Charge-off."

29. In the very same January 8, 2024 Equifax credit report, Equifax reports an account with Jefferson Capital with the reported balance as $782.00, with the status of the account as "Collection".

30. The Jefferson Account is a result of the very same debt as the Verizon account.

31. To double report the account under two different names as two different accounts with derogatory statuses, is in direct violation of 15 U.S.C. § 1682 et seq.

32. Equifax has double reported the Verizon account; once in its original form under Verizon and a second time under Jefferson Capital for the same balance of $782.00.

33. Additionally, because the Account that was reinserted was a derogatory account with an outstanding balance it further negatively affected Plaintiff's credit.

34. Jefferson began reporting the Account as a collection Account with an account number ending in 7687 as an additional new debt on Plaintiff's credit reports, in violation of the FDCPA.

35. Jefferson's reporting of the duplicate derogatory Account is an illegal attempt to collect a debt, as Jefferson falsely duplicates the legal status, character and amount of Plaintiff's outstanding debt.

36. The duplicate information furnished by Jefferson and published by Equifax is inaccurate since the same debt is reported twice on Plaintiff's credit reports.

37. A collection account is a derogatory account that serves to lower a consumer's credit score and perceived creditworthiness with potential lenders.

38. Each derogatory account listed has an additionally negative impact to a consumer's credit score.

39. The Jefferson Account reports as a collection account with a balance of $782.00.

40. By reporting the duplicate versions of the same Account, Defendants exaggerate the derogatory nature of Plaintiff's debt.

41. The duplicate reporting gives the false appearance that Plaintiff has two delinquent accounts, each with $782 outstanding balance.

42. In fact, Plaintiff can only have one derogatory account for this one debt.

43. Whenever Equifax prepares a consumer report, they are required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual to whom the report relates.

44. Equifax did not follow reasonable procedures to assure maximum possible accuracy of Plaintiff's collection Account.

45. Had Equifax followed reasonable procedures to assure maximum possible accuracy, Equifax would have only reported Plaintiff's Account once instead of twice on Plaintiff's credit reports.

46. Jefferson is restricted from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. Jefferson is specifically withheld from falsely representing the character, amount or legal status of the debt.

48. As Plaintiff only had one outstanding debt, Jefferson's duplicate reporting falsely represented an additional amount of debt outstanding.

49. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

50. This inaccurate information on Plaintiff's credit report has negatively affected his credit score.

51. Plaintiff was even denied new lines of credit from at least one lender due to Defendants' actions and omissions.

52. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

53. As a result of Equifax's failure to comply with the FCRA and Jefferson's failure to comply with the FDCPA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Equifax)

54. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

55. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

56. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

57. Further, Equifax violated 15 U.S.C. 1681i(a)(5)(B)(ii) by failing to provide notice to Plaintiff consumer within 5 days of reinsertion of previously deleted information.

58. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act includes but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to provide notice to the Plaintiff within 5 days of reinserting previously deleted information in Plaintiff's credit report;

    d) The failure to remove and/or correct the inaccuracy and derogatory credit information;

    e) The failure to promptly and adequately investigate information;

    f) The continual placement of inaccurate information into the Plaintiff's credit report;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified; and

    h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

59. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

60. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

61. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Myreon Scott, an individual, demands judgement in his favor against Equifax for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Equifax)**

62. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

63. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

64. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

65. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

66. Further, Equifax violated 15 U.S.C. 1681i(a)(5)(B)(ii) by failing to provide notice to Plaintiff consumer within 5 days of reinsertion of previously deleted information on to Plaintiff's credit report.

67. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act includes but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff;

9

    c) The failure to provide notice to the Plaintiff within 5 days of reinserting previously deleted information on to Plaintiff's credit report;

    d) The failure to remove and/or correct the inaccuracy and derogatory credit information;

    e) The failure to promptly and adequately investigate information;

    f) The continual placement of inaccurate information into the Plaintiff's credit report;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified; and

    h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

68. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

69. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

70. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Myreon Scott, an individual, demands judgement in his favor against Equifax for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**(Violations of the FDCPA as to Jefferson Capital Systems)**

71. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

72. Jefferson's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

73. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74. Jefferson violates § 1692e:

    a. By reporting a debt that has already been reported;

    b. By misrepresenting the true character and/or legal status of the alleged debts in violation of § 1692e(2)(A); and

    c. By making a false and misleading representations/omissions in violation of § 1692e(10).

75. By reason thereof, Jefferson is liable to Plaintiff for judgment in that their conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

76. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For actual damages, statutory damages and reasonable attorneys' fees and expenses pursuant to the FDCPA as to Jefferson;

h) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  November 12, 2024               Respectfully Submitted,

s/ *Misty Oaks Paxton*
By:  Misty Oaks Paxton, Esq.
3895 Brookgreen Pt.
Decatur, GA, 30034
Phone: (404) 725-5697
Fax: (775) 320-3698
attyoaks@yahoo.com
*Attorney for Plaintiff*

/s/Joshua Cohen
Joshua Cohen, Esq.
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
P. (201) 282-6500 ext 143
F. (201) 282-6501
jcohen@steinsakslegal.com
MOTION FOR PRO HAC VICE TO BE FILED

*Counsel for Plaintiff*