IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MYREON SCOTT,                        *

    Plaintiff,                    *

vs.                                  *

                                        CASE NO. 4:24-CV-164 (CDL)

JEFFERSON CAPITAL SYSTEMS LLC,  *

    Defendant.                    *

## O R D E R

Myeron Scott asserts that Jefferson Capital Systems LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, when it reported his collection account as delinquent.  Presently pending before the Court is Jefferson Capital's summary judgment motion.  Because Scott did not present any evidence that Jefferson Capital made a false, deceptive, or misleading representation in connection with the collection of a debt, the Court grants the motion (ECF No. 17).

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary

judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Myreon Scott had an account with Verizon Wireless. Scott failed to make payments on his account, and on March 11, 2021, Verizon issued him a final bill for $782.48. Jefferson Capital Systems LLC purchased Scott's unpaid obligation related to the Verizon Wireless account on August 28, 2023. On November 3, 2023, Jefferson Capital began reporting to Equifax that the account was delinquent. When Jefferson Capital reported the account to Equifax, it stated that it was the creditor, that the balance was $782, that the loan type was "Debt Buyer Account," and that the account was a collection account that had been opened on August 28, 2023. Pl.'s Resp. to Def.'s Mot. Summ. J. Ex. 1, M. Scott Credit Report Excerpts (Jan. 8, 2024), ECF No. 20-2 at 5-7. During January of 2024, when Scott's Equifax report included Jefferson Capital's report of the collection account with a balance of $782, Scott's Equifax credit report also contained a report that Verizon had made on September 14, 2023, stating that Scott had a closed

2

Verizon account with a past due balance of $782 and that the account had been charged off.  *Id.*, ECF No. 20-2 at 8-10.

DISCUSSION

Scott brought this action against Jefferson Capital under the Fair Debt Collection Practices Act ("FDCPA"), which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Specifically, Scott contends that Jefferson Capital violated the FDCPA provision that prohibits a debt collector from making a false representation of "the character, amount, or legal status of any debt."  *Id.* § 1692e(2)(A).  Scott does not dispute that he had an unpaid $782 obligation to Verizon, that Jefferson Capital purchased the obligation, or that the collection account became delinquent after Jefferson Capital purchased it.  Thus, Jefferson's credit reporting to Equifax was not "false."

Scott contends, though, that Jefferson Capital's reporting of its collection account to Equifax created a materially misleading impression on his Equifax credit report.  Scott points out that the Eleventh Circuit uses a "'least-sophisticated consumer' standard to evaluate whether a debt collector's communication violates § 1692e of the FDCPA."  *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010).  Under that standard, the Court must decide whether, viewing a debt collector's

3

communication through the eyes of a "least-sophisticated consumer," any reasonable jury could conclude that the communication was a misleading representation about the character, amount, or legal status of any debt.  Here, Scott argues that Jefferson Capital's report to Equifax, while technically accurate, could mislead a consumer viewing his Equifax credit report to believe that he had two separate debts for $782 because his January 2024 credit report includes both the Jefferson Capital collection account that arose from the underlying Verizon debt and the Verizon account that Verizon reported as charged off and closed.

The Court is not convinced that Jefferson Capital's accurate reporting of its collection account to Equifax is "misleading" within the meaning of the FDCPA simply because the original creditor also reported the underlying account as charged off during at least one month.  The Equifax credit report is not a representation by Jefferson Capital; it is a compilation of reports the credit reporting agency received from multiple creditors, including Jefferson Capital.  Scott did not present any authority that it is false, deceptive, or misleading for a collection creditor to accurately tell a consumer credit reporting agency that a consumer's collection account is delinquent while the original creditor reports that the consumer failed to pay the underlying debt before it went to collection.  Again, the record here shows that Jefferson Capital's report to Equifax was accurate.

4

Accordingly, the Court finds that Scott failed to present evidence to create a genuine fact dispute on his FDCPA claim against Jefferson Capital.   The Court thus grants Jefferson Capital's summary judgment motion.

<div align="center">CONCLUSION</div>

For the reasons set forth above, the Court grants Jefferson Capital's summary judgment motion (ECF No. 17).

IT IS SO ORDERED, this 20th day of April, 2026.

<div style="margin-left:40%">S/Clay D. Land<br>
CLAY D. LAND<br>
U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA</div>